JUDGE CARDONE (stamp)



13 CV 1359

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No:

------------------------------------------------------------X
AMANDA COSTELLO and LONIECE REED,
individually and on behalf of all other persons
similarly situated,

                    Plaintiffs,

                  -against-

KOHL'S ILLINOIS, INC., KOHL'S CORPORATION,
and KOHL'S DEPARTMENT STORES, INC.,

                    Defendants.
------------------------------------------------------------X

COMPLAINT AND
DEMAND FOR JURY TRIAL

## INTRODUCTION

Plaintiffs, AMANDA COSTELLO and LONIECE REED (hereinafter collectively "plaintiffs"), individually and on behalf of all other persons similarly situated, by their attorneys, HEPWORTH, GERSHBAUM & ROTH, PLLC, upon personal knowledge as to themselves and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiffs allege, individually and on behalf of all other similarly situated current and former salaried Children, Footwear, and Home Assistant Store Managers (CFH) and Apparel and Accessories Assistant Store Managers (AA) (hereinafter collectively "ASM"), and similarly situated current and former employees holding comparable positions but different titles, employed by defendants, KOHL'S ILLINOIS, INC., KOHL'S CORPORATION, and KOHL'S DEPARTMENT STORES, INC. (hereinafter collectively "Kohl's" or "defendant"), in the United States, who elect to opt into this action pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 216(b) (hereinafter "Collective Action Members"), that they are: (i) entitled to unpaid wages for hours worked above 40 in a workweek, as required by law; and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq.

2. Plaintiff, AMANDA COSTELLO, pursuant to FED. R. CIV. P. 23, further alleges individually and on behalf of all other similarly situated current and former ASMs and similarly situated current and former employees holding comparable positions but different titles, employed by Kohl's in the State of New York (hereinafter "Class") that: (i) they are entitled to unpaid wages from Kohl's for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek, as required by the New York Labor Law ("NYLL") §§ 650 et seq. and the supporting New York State Department of Labor Regulations; and (ii) Kohl's willful failure to comply with the notice and record keeping requirements of NYLL §§195(1) and 195(3) resulting in penalties under NYLL §§ 198(1)(b) and 198(1)(d).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's, AMANDA COSTELLO's, state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (a).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.§§ 2201 and 2202.

7. A substantial part of the events or omissions giving rise to plaintiffs' claims occurred in the State of New York.

## THE PARTIES

### *Plaintiffs*

8.  Plaintiff, AMANDA COSTELLO, is an adult individual residing in Middletown, New York.

9.  Kohl's employed plaintiff, AMANDA COSTELLO, as an ASM from on or about April 5, 2010, until on or about December 17, 2012, at Kohl's store located in Wallkill, New York.

10. Plaintiff, LONIECE REED, is an adult individual residing in Stafford, Virginia.

11. Kohl's employed plaintiff, LONIECE REED, as an ASM from on or about June 208 until on or about March 2010, at Kohl's store located in Stafford, Virginia.

### *Defendants*

12. Upon information and belief, defendant, KOHL'S ILLINOIS, INC., is a foreign business corporation, with its principal executive offices at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

13. Upon information and belief, defendant, KOHL'S CORPORATION, is a foreign business corporation, with its principal executive offices at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

14. Upon information and belief, defendant, KOHL'S DEPARTMENT STORES, INC., is a foreign business corporation, with its principal executive offices at N56 W17000 Ridgewood Drive, Menomonee Falls, WI 53051.

15. Upon information and belief, Kohl's is a chain of retail stores selling a wide assortment of merchandise, including moderately priced apparel, footwear and accessories for

women, men and children; soft home products such as sheets and pillows; and house wares. Upon information and belief, Kohl's operates over 1,134 stores in 49 states.

16. Upon information and belief, defendants jointly employed plaintiffs and all other similarly situated current and former ASMs and similarly situated current and former employees holding comparable positions but different titles.

17. Upon information and belief, defendants maintain control, oversight, and discretion over the operation of their retail stores, including their employment practices.

18. Upon information and belief, defendants are covered employers within the meaning of the FLSA and the NYLL.

19. Upon information and belief, defendants have gross revenues exceeding $500,000 for all relevant periods herein.

## COLLECTIVE ACTION ALLEGATIONS

20. Pursuant to 29 U.S.C. § 207, plaintiffs seek to prosecute their FLSA claim as a collective action on behalf of all other similarly situated current and former ASMs and similarly situated current and former employees holding comparable positions but different titles employed by Kohl's, at any time from February 28, 2010, to the entry of judgment in this case (hereinafter "Collective Action Period").

21. Kohl's is liable under the FLSA for, *inter alia*, failing to properly compensate plaintiffs and other ASMs and similarly situated current and former employees holding comparable positions but different titles.

22. There are many similarly situated current and former Kohl's ASMs and other similarly situated current and former employees holding comparable positions but different titles who have been underpaid in violation of the FLSA, and who would benefit from the issuance of

a court-supervised notice of this lawsuit and the opportunity to join it. Thus, Notice should be sent to the FLSA Collective Action Members pursuant to 29 U.S.C. § 216(b).

23. Those similarly situated current and former Kohl's ASMs and other similarly situated current and former employees holding comparable positions but different titles are known to Kohl's, are readily identifiable, and can be located though Kohl's records.

## CLASS ACTION ALLEGATIONS

24. Plaintiff, AMANDA COSTELLO, also brings a NYLL Class on behalf of herself and a class of persons under Fed. R. Civ. P. 23, consisting of "all persons who work or have worked for Kohl's as ASMs or other comparable positions having different titles, from February 28, 2007, to the date of the judgment in this action (hereinafter "Class")."

25. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although plaintiff does not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of Kohl's and are ascertainable.

26. Kohl's has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

27. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

  a. whether Kohl's has failed and/or refused to pay plaintiff and the Class over time pay for the hours worked in excess of 40 hours per workweek within the meaning of NYLL Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

 b. whether Kohl's willfully failed to comply with the notice and record keeping requirements of NYLL §§195(1) and 195(3), resulting in penalties under NYLL §§ 198(1)b and 198(1)d.

 c. the nature and extent of the class-wide injury and the appropriate measure of damages for the Class;

 d. whether Kohl's has a policy of misclassifying ASMs as exempt from coverage of the overtime provisions of the NYLL;

 e. whether Kohl's policy of misclassifying ASMs was done willfully; and

 f. whether Kohl's can prove that its unlawful policies were implemented in good faith.

28.  Plaintiff's, AMANDA COSTELLO's, claims are typical of the claims of the Class she seeks to represent. Plaintiff, AMANDA COSTELLO, and the Class work or have worked for Kohl's as ASMs in their retail stores and have not been paid overtime wages for the hours they have worked in excess of 40 per week. By misclassifying ASMs as exempt from the NYLL overtime protections, Kohl's has acted and refused to act on grounds generally applicable to the Class.

29.  Plaintiff, AMANDA COSTELLO, will fairly and adequately represent and protect the interests of the Class.

30.  Plaintiff, AMANDA COSTELLO, has retained counsel competent and experienced in complex class actions and in wage and hour litigation.

31.  A class action is superior to other available methods for the fair and efficient adjudication of this wage and hour litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

32. The members of the Class have been damaged and are entitled to recovery because of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Class Members are not *de minimus*, such damages are small compared to the expense and burden of bringing individual cases.

33. Class treatment is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments about Defendants' practices.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

34. Consistent with Kohl's policy and pattern or practice, plaintiff and the members of the FLSA Collective and the Class regularly worked in excess of 40 hours per week without being paid overtime wages.

35. Kohl's has assigned all of the work that plaintiffs and the Class/Collective Action Members have performed, and/or Kohl's has been aware of all the work that plaintiffs and the Class/Collective Action Members have performed.

36. All of the Class/Collective Action Members performed the same primary job duties including, but not limited to:

    a. Cleaning;

    b. Folding clothing;

    c. building displays;

    d. Unloading freight;

    e. Unpacking boxes;

    f. Running cash registers;

    g. Putting merchandise onto the sales floor;

    h. Neatening shelves and clothing tables;

  i. Providing customer service; and

  j. Putting up signs (ad sets).

37. Pursuant to its centralized, company-wide policy, pattern or practice, Kohl's classified all of its ASMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the FLSA and the NYLL.

38. Upon information and belief, Kohl's did not perform a person-by-person analysis of every ASM's job duties when making the decision to classify all ASMs and other similarly situated current and former employees holding comparable positions but different titles as exempt from the FLSA's and the NYLL's overtime protections.

39. Upon information and belief, Kohl's unlawful conduct described in this Complaint is pursuant to its centralized, company-wide policy, pattern or practice of attempting to minimize labor costs by violating the FLSA and the NYLL.

40. As part of their regular business practice, the Kohl's intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and the NYLL with respect to plaintiff and the Class/Collective Action Members. This policy and pattern or practice includes, but it is not limited to:

  a. willfully misclassifying plaintiffs and the Class/Collective Action Members as exempt from the requirements of the FLSA and the NYLL; and

  b. willfully failing to pay plaintiffs and the Class/Collective Action Members, overtime wages for hours that they worked in excess of 40 hours per week.

41. Kohl's is aware or should have been aware that state and federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

42. Kohl's failure to pay overtime wages for work performed by the Class/Collective Action Members in excess of 40 hours per week was willful.

43. Kohl's unlawful conduct has been widespread, repeated and consistent.

## PLAINTIFFS' WAGE AND HOUR ALLEGATIONS

44. Plaintiff, AMANDA COSTELLO, worked as a Kohl's ASM from on or about April 5, 2010, until on or about December 17, 2012, at Kohl's store located in Wallkill, New York.

45. As an ASM, plaintiff, AMANDA COSTELLO, regularly performed tasks including, but not limited to:

    a. Cleaning;

    b. Folding clothing;

    c. building displays;

    d. Unloading freight;

    e. Unpacking boxes;

    f. Running cash registers;

    g. Putting merchandise onto the sales floor;

    h. Neatening shelves and clothing tables;

    i. Providing customer service; and

    j. Putting up signs (ad sets).

46. As an ASM, plaintiff's, AMANDA COSTELLO's, primary job duties did not include:

   a. Hiring;

   b. Firing;

   c. Supervising;

   d. Directing; and

   e. Disciplining.

47. Plaintiff, LONIECE REED, worked as a Kohl's ASM from on or about June 2008, until on or about March 2010, at Kohl's store located in Stafford, Virginia.

48. As an ASM, plaintiff, LONIECE REED, regularly performed tasks including, but not limited to:

   a. Cleaning;

   b. Folding clothing;

   c. building displays;

   d. Unloading freight;

   e. Unpacking boxes;

   f. Running cash registers;

   g. Putting merchandise onto the sales floor;

   h. Neatening shelves and clothing tables;

   i. Providing customer service; and

   j. Putting up signs (ad sets).

49. As an ASM, plaintiff's, LONIECE REED's, primary job duties did not include:

   a. Hiring;

  b. Firing;

  c. Supervising;

  d. Directing; and

  e. Disciplining.

50. Plaintiffs' duties as an exempt ASMs did not differ substantially from the duties of non-exempt hourly paid store employees, which included, but was not limited to: cleaning; folding clothing; setting up display racks; unloading freight trucks; unpacking boxes; running cash registers; putting merchandise onto the sales floor; collecting shopping carts; neatening shelves and clothing tables; building displays; stocking shelves; providing customer service; and putting up signs.

51. Plaintiffs did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

52. Plaintiffs' primary duties were manual in nature. The performance of manual labor duties occupied the majority of plaintiffs' working hours.

53. Consistent with Kohl's policy and pattern or practice, plaintiffs regularly worked in excess of 40 hours per workweek, without being paid overtime wages.

54. Kohl's was or should have been aware that state and federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiffs and all FLSA Collective Action Members)

55. Plaintiffs re-allege and incorporate by reference all allegations in Paragraphs 1-54, as if fully set forth herein.

56. Kohl's has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

57. Plaintiffs have consented, in writing, to be a party to this action, pursuant to 29 U.S.C. § 216(b).

58. At all relevant times, plaintiffs and other similarly situated current and former ASMs and other similarly situated current and former employees holding comparable positions but different titles were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

59. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* apply to defendant.

60. Kohl's is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

61. At all times relevant, plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

62. Kohl's has failed to pay plaintiffs and the other similarly situated current and former ASMs and other similarly situated current and former employees holding comparable positions but different titles the overtime wages to which they were entitled under the FLSA.

63. Kohl's violations of the FLSA, as described in this Complaint, have been willful and intentional. Kohl's has not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs and other similarly situated current and former ASMs and other similarly situated current and former employees holding comparable positions but different titles.

64. Because Kohl's violations of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

65. As a result of Kohl's violations of the FLSA, plaintiffs and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 et seq.

66. As a result of the unlawful acts of Kohl's, plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiff and all Class Members)

67. Plaintiff, AMANDA COSTELLO, re-alleges and incorporates by reference Paragraphs 1-54, as if fully set forth herein.

68. At all times relevant to this action, plaintiff, AMANDA COSTELLO, was an employee Kohl's and Kohl's was and still is an employer within the meaning of the NYLL.

69. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Kohl's.

70. Kohl's has failed to pay plaintiff, AMANDA COSTELLO, and the Class the overtime wages to which they were entitled under the NYLL.

71. By Kohl's failure to pay plaintiff, AMANDA COSTELLO, and the Class Members overtime wages for all hours worked in excess of 40 hours per week, it has willfully violated NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R., Part 142.

72. As a result of Kohl's violations of the NYLL, plaintiff, AMANDA COSTELLO, and the Class Members are entitled to recover from defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### (New York Labor Law: Failure to Comply With Notice and Record Keeping Requirements)
### (Brought on Behalf of Plaintiff and all Class Members)

73. Plaintiff, AMANDA COSTELLO, re-alleges and incorporates by reference Paragraphs 1-54, as if fully set forth herein.

74. NYLL § 195(4) requires, among other things, that Kohl's establish and maintain, for at least three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

75. NYLL § 661 requires Kohl's to maintain, *inter alia,* true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

76. 12 N.Y.C.R.R. § 142-2.6 requires Kohl's to establish, maintain and preserve, for six years, weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

77. NYLL § 195(3) requires that Kohl's furnish each of its employees with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

78. N.Y.C.R.R. § 142-2.7 requires Kohl's to furnish each employee with a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

79. Kohl's did not provide plaintiff and members of the Class with the requisite notices and statements described above in paragraphs 77-78.

80. As a result of Kohl's failure to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3), plaintiff, AMANDA COSTELLO, and the Class Members are entitled to recover from Kohl's penalties as provided by NYLL § 198(1)b and 198(1)d.

## PRAYER FOR RELIEF

Wherefore, plaintiffs, individually and on behalf of all other similarly situated current and former ASMs and similarly situated current and former employees holding comparable positions but different titles, prays for the following relief:

a. At the earliest possible time, plaintiffs be allowed to give notice of this collective action, or the Court issue such notice, to all persons who are presently or have, at any time from February 28, 2010, through and including the date of this Court's issuance of court-supervised notice, been employed by Kohl's as an ASM and other similarly situated current and former employees holding comparable positions but different titles. Such notice shall inform them that this civil action has been filed, of the nature of the action and of their right to join this lawsuit;

b. Unpaid wages and liquidated damages in the maximum amount allowed under the FLSA;

c. Equitable tolling of the FLSA statute of limitation as a result of the Kohl's failure to post requisite notices under the FLSA;

d. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations and NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

e. Penalties under NYLL § 198(1)(b) and 198(1)(d) for the defendants failure to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3);

f. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

g. Designation of plaintiffs as representatives of the Class, and counsel of record as Class Counsel;

h. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

i. Unpaid overtime pay pursuant to NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations;

j. Pre-judgment and post-judgment interest, as provided by law;

k. An injunction prohibiting Kohl's from violating the NYLL Article 19, §§ 650, et seq., the supporting New York State Department of Labor Regulations and NYLL §195(1) and 195(3);

l.  Attorneys' fees and costs; and

m.  Such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

By: Mathew A. Parker

March S. Hepworth
Charles Gershbaum
David A. Roth
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone:   (212) 545-1199
Facsimile:   (212) 532-3801
Droth@hgrlawyers.com
Charles@hgrlawyers.com
Mhepworth@hgrlawyers.com

*Attorneys for Plaintiffs*