**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **AMANDA COSTELLO and LONIECE REED, individually and on behalf of all other persons similarly situated;** | Case No. 1:13-cv-1359-PGG |
| **Plaintiffs,** | |
| - against - | |
| | **DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **KOHL'S ILLINOIS INC., KOHL'S CORPORATION and KOHL'S DEPARTMENT STORES, INC.,** | |
| **Defendants.** | |

Defendants Kohl's Illinois Inc., Kohl's Corporation and Kohl's Department Stores, Inc. ("Defendants"), by their attorneys, file their Answer and Defenses to Plaintiff Amanda Costello's and Loniece Reed's ("Plaintiffs'") Complaint and Demand for Jury Trial ("Complaint") as follows:

<u>**ANSWER TO PLAINTIFFS' "NATURE OF THE ACTION"**</u>

1.      In response to Paragraph 1 of the Complaint, to the extent that an answer is required to the statements therein, Defendants admit only that Plaintiffs purport to bring this action against Defendants "on behalf of all other similarly situated current and former salaried Children, Footwear, and Home Assistant Store Managers (CFH) and Apparel and Accessories Assistant Store Managers (AA)" and allege "that they are (i) entitled to unpaid wages for hours worked above 40 in a workweek, as required by law; and (ii) entitled to liquidated damages pursuant to the [Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA")]."   Further answering, Defendants deny that they engaged in any conduct that would subject them to

liability or which entitles Plaintiffs or any other individual to any remedy or relief of any kind. Defendants specifically deny that they committed any unlawful or wrongful acts, including any act that would violate the FLSA or New York State law.  Defendants further deny any claim or implication by Plaintiffs that this action is appropriately maintained as a class or collective action, or any other type of action or that there are others similarly situated to Plaintiffs. Defendants deny all remaining allegations contained in Paragraph 1 of the Complaint.

2.      In response to Paragraph 2 of the Complaint, to the extent that an answer is required to the statements therein, Defendants admit only that Plaintiffs purport to bring this action "on behalf of all similarly situated current and former ASMs…employed by Kohl's[1] in the State of New York" for "unpaid wages" and "unpaid overtime wages for hours worked above 40 in a workweek" under the New York Labor Law and/or the New York Codes, Rules and Regulations identified by Plaintiffs.  Further answering, Defendants deny that they engaged in any conduct that would subject them to liability or which entitles Plaintiffs or any other individual to any remedy or relief of any kind.  Defendants specifically deny that they committed any unlawful or wrongful acts, including any act that would violate the FLSA or New York State law.  Defendants further deny any claim or implication by Plaintiffs that this action is appropriately maintained as a class or collective action, or any other type of action or that there are others similarly situated to Plaintiffs.  Defendants deny all remaining allegations contained in Paragraph 2 of the Complaint.

**ANSWER TO PLAINTIFFS' "JURISDICTION AND VENUE"**

3.      In response to Paragraph 3 of the Complaint, Defendants respond that the

---

[1] Plaintiffs use the term "Kohl's" to collectively refer to Defendants in their Complaint.

allegations therein call for legal conclusions to which no response is required.  To the extent an answer is required, Defendants admit the allegations contained therein.

4.      In response to Paragraph 4 of the Complaint, Defendants respond that the allegations therein call for legal conclusions to which no response is required.  To the extent an answer is required, Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.      In response to Paragraph 5 of the Complaint, Defendants respond that the allegations therein call for a legal conclusion to which no response is required.  To the extent an answer is required, Defendants admit the allegations contained in Paragraph 5 of the Complaint .

6.      In response to Paragraph 6 of the Complaint, Defendants respond that the allegations therein call for a legal conclusion to which no response is required.  To the extent an answer is required, Defendants admit that 28 U.S.C. §§ 2201 and 2202 address the Court's ability to "declare the rights and other legal relations of any interested party seeking such declaration", but deny that such relief is appropriate or warranted in this action.  Defendants deny all remaining allegations contained in Paragraph 6 of the Complaint.

7.      In response to Paragraph 7 of the Complaint, Defendants respond that the allegations therein call for a legal conclusion to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 7 of the Complaint .

### ANSWER TO PLAINTIFFS' "THE PARTIES"

8.      In response to Paragraph 8 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff Costello currently resides and therefore denies the allegations regarding Plaintiff Costello's residency.  Defendants deny all remaining allegations contained in Paragraph 8 of the Complaint.

9.     In response to Paragraph 9 of the Complaint, Defendant Kohl's Department Stores, Inc. admits that it employed Plaintiff Costello as an Assistant Store Manager (CFH) at its store located in Walkill, New York, but Defendants Kohl's Corporation and Kohl's Illinois, Inc. deny that they employed Plaintiff Costello.  Defendants deny all remaining allegations contained in Paragraph 9 of the Complaint.

10.     In response to Paragraph 10 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff Reed currently resides and therefore denies the allegations regarding Plaintiff Reed's residency.   Defendants deny all remaining allegations contained in Paragraph 10 of the Complaint.

11.     In response to Paragraph 11 of the Complaint, Defendant Kohl's Department Stores, Inc. admits that it employed Plaintiff Reed as an Assistant Store Manager (AA) at its store located in Stafford, Virginia, but Defendants Kohl's Corporation and Kohl's Illinois, Inc. deny that they employed Plaintiff Reed.  Defendants deny all remaining allegations contained in Paragraph 11 of the Complaint.

12.     In response to Paragraph 12 of the Complaint, Defendants admit that Defendant Kohl's Illinois, Inc. is a foreign business corporation, but deny all remaining allegations contained therein.

13.     In response to Paragraph 13 of the Complaint, Defendant admits the allegations contained therein.

14.     In response to Paragraph 14 of the Complaint, Defendant admits the allegations contained therein.

15.      In response to Paragraph 15 of the Complaint, Defendant admits the allegations contained therein.

16.      In response to Paragraph 16 of the Complaint, Defendants respond that the allegations therein call for a legal conclusion to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.      In response to Paragraph 17 of the Complaint, Defendants deny the allegations contained therein.

18.      In response to Paragraph 18 of the Complaint, Defendants respond that the allegations therein call for a legal conclusion to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.      In response to Paragraph 19 of the Complaint, Defendants deny the allegations contained therein.

### ANSWER TO PLAINTIFFS' "COLLECTIVE ACTION ALLEGATIONS"

20.      In response to Paragraph 20 of the Complaint, to the extent that an answer is required to the statements therein, Defendants admit only that Plaintiffs purport to bring this action against Defendants as a collective action pursuant to the FLSA on behalf of "all other similarly situated current and former ASMs and similarly situated current and former employees holding comparable titles but different titles employed by Kohl's at any time from February 28, 2010, to the entry of judgment in this case."  Further answering, Defendants deny that they engaged in any conduct that would subject them to liability or which entitles Plaintiffs or any other individual to any remedy or relief of any kind.  Defendants specifically deny that they committed any unlawful or wrongful acts, including any act that would violate the FLSA and

New York State law.  Defendants further deny any claim or implication by Plaintiffs that this action is appropriately maintained as a class or collective action, or any other type of action or that there are others similarly situated to Plaintiffs.  Defendants deny all remaining allegations contained in Paragraph 20 of the Complaint.

21.    In response to Paragraph 21 of the Complaint, Defendants deny the allegations contained therein.

22.    In response to Paragraph 22 of the Complaint, Defendants deny the allegations contained therein.

23.    In response to Paragraph 23 of the Complaint, Defendants deny the allegations contained therein.

### ANSWER TO PLAINTIFFS' "CLASS ACTION ALLEGATIONS"

24.    In response to Paragraph 24 of the Complaint, to the extent that an answer is required to the statements therein, Defendants admit only that Plaintiff Costello purports to bring this Action against Defendants as a class action under the New York Labor Law, and pursuant to Federal Rule of Civil Procedure 23, on behalf of "all persons who work or have worked for Kohl's as ASMs or other comparable positions having different titles, from February 28, 2007, to the date of judgment in this action."  Further answering, Defendants deny that they engaged in any conduct that would subject them to liability or which entitles Plaintiffs or any other individual to any remedy or relief of any kind.  Defendants specifically deny that they committed any unlawful or wrongful acts, including any act that would violate the New York Labor Law and/or the New York Codes, Rules and Regulations identified by Plaintiffs.  Defendants further deny any claim or implication by Plaintiffs that this action is appropriately maintained as a class

or collective action, or any other type of action or that there are others similarly situated to Plaintiffs.   Defendants deny all remaining allegations contained in Paragraph 24 of the Complaint.

25.     In response to the first sentence of Paragraph 25 of the Complaint, Defendants respond that the allegations therein call for legal conclusions to which no response is required. To the extent an answer is required, Defendants admit the allegations contained in the first sentence of Paragraph 25 of the Complaint.  In response to the second sentence of Paragraph 25 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the allegations relating to Plaintiffs' knowledge, and therefore denies those allegations.

26.     In response to Paragraph 26 of the Complaint, Defendants respond that the allegations therein call for legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     In response to Paragraph 27 of the Complaint, inclusive of subparagraphs (a) through (f), Defendants respond that the allegations therein call for legal conclusions to which no response is required.   To the extent an answer is required, Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     In response to Paragraph 28 of the Complaint, Defendants respond that the allegations therein call for legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     In response to Paragraph 29 of the Complaint, Defendants respond that the allegations therein call for legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     In response to Paragraph 30 of the Complaint, Defendants respond that the allegations therein call for legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     In response to Paragraph 31 of the Complaint, Defendants respond that the allegations therein call for legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     In response to Paragraph 32 of the Complaint, Defendants respond that the allegations therein call for legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     In response to Paragraph 33 of the Complaint, Defendants respond that the allegations therein call for legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 33 of the Complaint.

### ANSWER TO PLAINTIFFS' "CLASS AND COLLECTIVE FACTUAL ALLEGATIONS"

34.     In response to Paragraph 34 of the Complaint, Defendants deny the allegations contained therein.

35.     In response to Paragraph 35 of the Complaint, Defendants deny the allegations contained therein.

36.     In response to Paragraph 36 of the Complaint, inclusive of subparagraphs (a)-(j), Defendants deny the allegations contained therein.

37.     In response to Paragraph 37 of the Complaint, Defendant Kohl's Department Stores, Inc. admits that Plaintiffs and the members of the putative class or collective were properly classified by it as exempt from the overtime requirements of the FLSA and the New York Labor Law and/or the New York Codes, Rules and Regulations identified by Plaintiffs. Defendants deny all remaining allegations contained in Paragraph 37 of the Complaint.

38.     In response to Paragraph 38 of the Complaint, Defendants deny the allegations contained therein.

39.     In response to Paragraph 39 of the Complaint, Defendants deny the allegations contained therein.

40.     In response to Paragraph 40 of the Complaint, inclusive of subparagraphs (a) through (b), Defendants deny the allegations contained therein.

41.     In response to Paragraph 41 of the Complaint, Defendants admit that non-exempt employees are eligible for certain overtime compensation under the FLSA and New York State law, but deny that they had reason to believe that Plaintiffs or putative collective action or class action members were non-exempt employees.

42.     In response to Paragraph 42 of the Complaint, Defendants deny the allegations contained therein.

43.     In response to Paragraph 43 of the Complaint, Defendants deny the allegations contained therein.

**ANSWER TO "PLAINTIFFS' WAGE AND HOUR ALLEGATIONS"**

44.     In response to Paragraph 44 of the Complaint, Defendant Kohl's Department Stores, Inc. admits that it employed Plaintiff Costello as an Assistant Store Manager (CFH) at its

store located in Walkill, New York, but Defendants Kohl's Corporation and Kohl's Illinois, Inc. deny that they employed Plaintiff Costello.  Defendants deny all remaining allegations contained in Paragraph 44 of the Complaint.

45.     In response to Paragraph 45 of the Complaint, inclusive of subparagraphs (a) through (j), Defendants deny the allegations contained therein.

46.     In response to Paragraph 46 of the Complaint, inclusive of subparagraphs (a) through (e), Defendants deny the allegations contained therein.

47.     In response to Paragraph 47 of the Complaint, Defendant Kohl's Department Stores, Inc. admits that it employed Plaintiff Reed as an Assistant Store Manager (AA) at its store located in Stafford, Virginia, but Defendants Kohl's Corporation and Kohl's Illinois, Inc. deny that they employed Plaintiff Reed.  Defendants deny all other allegations contained in Paragraph 47 of the Complaint.

48.     In response to Paragraph 48 of the Complaint, inclusive of subparagraphs (a) through (j), Defendants deny the allegations contained therein.

49.     In response to Paragraph 49 of the Complaint, inclusive of subparagraphs (a) through (e), Defendants deny the allegations contained therein.

50.     In response to Paragraph 50 of the Complaint, Defendants deny the allegations contained therein.

51.     In response to Paragraph 51 of the Complaint, Defendants deny the allegations contained therein.

52.     In response to Paragraph 52 of the Complaint, Defendants deny the allegations contained therein.

53.     In response to Paragraph 53 of the Complaint, Defendant Kohl's Department Stores, Inc. admits that Plaintiffs were properly classified by it as exempt from the overtime requirements of the FLSA and the New York Labor Law and/or the New York Codes, Rules and Regulations identified by Plaintiffs during the statutory time period potentially applicable to this Complaint, and therefore were neither entitled to nor paid overtime compensation for hours worked over 40 in a workweek.   Defendants deny all remaining allegations contained in Paragraph 53 of the Complaint.

54.     In response to Paragraph 54 of the Complaint, Defendants admit that non-exempt employees are eligible for certain overtime compensation under the FLSA and New York State law, but deny that they had reason to believe that Plaintiffs or putative collective action or class action members were non-exempt employees.

### ANSWER TO PLAINTIFFS' "FIRST CAUSE OF ACTION"
### (Fair Labor Standards Act: Unpaid Overtime Wages)
### (Brought on behalf of Plaintiffs and all FLSA Collective Action Members)

55.     In response to Paragraph 55 of the Complaint, Defendants incorporate and repeat their responses and averments in Paragraphs 1 through 54 above.

56.     In response to Paragraph 56 of the Complaint, Defendants deny the allegations contained therein.

57.     In response to Paragraph 57 of the Complaint, Defendants admit that it appears Plaintiffs have consented to be parties to this Action based on existing court filings.

58.     In response to Paragraph 58 of the Complaint, Defendants respond that the allegations therein call for legal conclusions to which no response is required.   To the extent an answer is required, Defendants deny the allegations contained therein.

59.     In response to Paragraph 59 of the Complaint, Defendants respond that the allegations therein call for legal conclusions to which no response is required.  To the extent an answer is required, Defendants admit that the overtime requirements of the FLSA apply with respect to non-exempt employees employed by them, if any.

60.     In response to Paragraph 60 the Complaint, Defendants respond that the allegations therein call for legal conclusions to which no response is required.  To the extent an answer is required, Defendants Kohl's Illinois, Inc. and Kohl's Department Stores, Inc. admit that, as a general matter, they have been and continue to be an enterprise engaged in commerce and/or in the production of goods for commerce during the statutory time period potentially applicable to this Complaint.  Further answering, Defendant Kohl's Department Stores, Inc. admits that it employed Plaintiffs Costello and Reed during the statutory time period potentially applicable to this Complaint.  Defendants deny all remaining allegations contained in Paragraph 60 of the Complaint.

61.     In response to Paragraph 61 the Complaint, Defendants respond that the allegations therein call for legal conclusions to which no response is required.  To the extent an answer is required, Defendant Kohl's Department Stores, Inc. admits that it employed Plaintiffs Costello and Reed during the statutory time period potentially applicable to this Complaint. Defendants deny all remaining allegations contained in Paragraph 61 of the Complaint.

62.     In response to Paragraph 62 of the Complaint, Defendants deny the allegations contained therein.

63.     In response to Paragraph 63 of the Complaint, Defendants deny the allegations contained therein.

64.     In response to Paragraph 64 of the Complaint, Defendants deny the allegations contained therein.

65.     In response to Paragraph 65 of the Complaint, Defendants deny the allegations contained therein.

66.     In response to Paragraph 66 of the Complaint, Defendants deny the allegations contained therein.

**ANSWER TO PLAINTIFFS' "SECOND CAUSE OF ACTION"**
**(New York Labor Law: Unpaid Overtime Wages)**
**(Brought on behalf of Plaintiff and all Class Members)**

67.     In response to Paragraph 67 of the Complaint, Defendants incorporate and repeat their responses and averments in Paragraphs 1 through 66 above.

68.     In response to Paragraph 68 the Complaint, Defendants respond that the allegations therein call for legal conclusions to which no response is required.  To the extent an answer is required, Defendant Kohl's Department Stores, Inc. admits that it employed Plaintiff Costello during the statutory time period potentially applicable to this Complaint.  Defendants deny all remaining allegations contained in Paragraph 68 of the Complaint.

69.     In response to Paragraph 69 of the Complaint, Defendants respond that the allegations therein call for legal conclusions to which no response is required.  To the extent an answer is required, Defendants admit that the overtime requirements of the New York Labor Law and/or the New York Codes, Rules and Regulations identified by Plaintiff Costello apply with respect to non-exempt employees employed by them in the State of New York, if any.

70.     In response to Paragraph 70 of the Complaint, Defendants deny the allegations contained therein.

71.     In response to Paragraph 71 of the Complaint, Defendants deny the allegations contained therein.

72.     In response to Paragraph 72 of the Complaint, Defendants deny the allegations contained therein.

**ANSWER TO PLAINTIFFS' "THIRD CAUSE OF ACTION"**
**(New York Labor Law: Failure to Comply With Notice and Record Keeping**
**Requirements)**
**(Brought on behalf of Plaintiff and all Class Members)**

73.     In response to Paragraph 73 of the Complaint, Defendants incorporate and repeat their responses and averments in Paragraphs 1 through 72 above.

74.     In response to Paragraph 74 of the Complaint, Defendants respond that the allegations contained therein include Plaintiffs' alleged recitation of New York Labor Law § 195(4), which is a legal conclusion to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     In response to Paragraph 75 of the Complaint, Defendants respond that the allegations contained therein include Plaintiffs' alleged recitation of New York Labor Law § 661 which is a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     In response to Paragraph 76 of the Complaint, Defendants respond that the allegations contained therein include Plaintiffs' alleged recitation of 12 N.Y.C.R.R. § 142-2.6 which is a legal conclusion to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     In response to Paragraph 77 of the Complaint, Defendants respond that the allegations contained therein include Plaintiffs' alleged recitation of Labor Law § 195(3) which

is a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     In response to Paragraph 78 of the Complaint, Defendants respond that the allegations contained therein include Plaintiffs' alleged recitation of 12 N.Y.C.R.R. § 142-2.7 which is a legal conclusion to which no response is required.   To the extent an answer is required, Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     In response to Paragraph 79 of the Complaint, Defendants deny the allegations contained therein.

80.     In response to Paragraph 80 of the Complaint, Defendants deny the allegations contained therein.

## ANSWER TO PLAINTIFFS' UNNUMBERED PRAYER FOR RELIEF

Defendants deny that Plaintiffs, or those individuals whom they seek to represent in this action, are entitled to any remedy or relief of any kind, including the specific relief sought in the unnumbered prayer for relief contained in Plaintiffs' "Prayer for Relief" on pages 15 through 17 of the Complaint (inclusive of subparagraphs (a) through (m)).

## ANSWER TO PLAINTIFFS' DEMAND FOR TRIAL BY JURY

Defendants admit that Plaintiffs demand a trial by jury.   Whether and to what extent Plaintiffs are entitled to a trial by jury are legal conclusions to which no response is required.

## GENERAL DENIAL

Defendants deny every allegation of the Complaint not expressly admitted in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative and other defenses.  Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue on which they would not otherwise bear such burden.

1.    Plaintiffs' claims and/or those of some or all of the putative collective action or class action members are barred in whole or in part because the Complaint fails to include facts sufficient to state a claim upon which relief may be granted.

2.    Plaintiffs and/or the putative collective action or class action members were compensated at all times in accordance with applicable FLSA or New York State law requirements.

3.    Plaintiffs' claims and/or those of some or all of the putative collective action or class action members are barred, in whole or in part, by the applicable limitations periods.  To the extent that the period of time alluded to in Plaintiffs' Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiffs and/or those of the putative collective action or class action members are barred.

4.    Plaintiffs' claims, including claims for attorneys' fees, are barred, in whole or in part, because they lack standing to pursue those claims on behalf of themselves and/or some or all of the putative collective action or class action members, and they cannot adequately represent the interests of the putative collective action or class action members.

5.    Plaintiffs' claims and/or those of some or all of the putative collective action or class action members are barred in whole or in part by the provisions of Section 10 of the Portal-

to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with their compensation and exempt status were done in good faith and in conformity with and reliance upon written administrative regulations (specifically, but not limited to, 29 C.F.R. § 541.100, 29 C.F.R. § 541.200, and 541.708), orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

6.     Plaintiffs' claims and/or those of some or all of the putative collective action members, including claims to liquidated damages, are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with their compensation and exempt status were done in good faith and in conformity with and reliance upon written administrative regulations (specifically, but not limited to, 29 C.F.R. § 541.100, 29 C.F.R. § 541.200, and 541.708), orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

7.     Plaintiffs' claims and/or those of some or all of the putative collective action members are barred, in whole or in part, because, even if Defendants violated any provision of the FLSA or New York State law, which Defendants specifically deny, such violation was not pursuant to a uniform policy or plan.

8.     Plaintiffs' claims and/or those of some or all of the putative collective action or class action members are barred, in whole or in part, because Defendants at all times acted in good faith to comply with the FLSA and New York State law, and had reasonable grounds for believing they were in compliance with the FLSA and New York State law.  Defendants assert a

lack of willfulness or intent to violate the FLSA and New York State law as a defense to any claim for liquidated damages made by Plaintiffs or any of the putative collective action or class action members.  No act or omission of Defendants which is alleged to violate the FLSA and New York State Law was willful, knowing, or in reckless disregard for the provisions of the law, and Plaintiffs and/or the putative collective action or class action members therefore are not entitled to any extension of the two-year non-willful statute of limitations period under the FLSA.

9.      Plaintiffs and/or the putative collective action or class action members were properly classified as exempt from the overtime requirements of the FLSA and New York State law by Defendant Kohl's Department Stores, Inc.  Neither Plaintiff  was employed at any time by Defendant Kohl's Corporation or Defendant Kohl's Illinois, Inc.

10.     Plaintiffs' claims and/or those of some or all of the putative collective action or class action members are barred, in whole or in part, because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA and/or the New York State law.  29 U.S.C. §§ 207, 213(a), 213(b); NYLL Art. 19, § 651(5); 12 NYCRR § 142-2.14(c)(4).  Specifically, Plaintiffs and/or putative collective action or class action members were employed in a bona fide administrative capacity under section 13(a)(1) of the FLSA as employees: (1) who were compensated on a salary or fee basis at a rate of not less than $455 per week, exclusive of board, lodging or other facilities; (2) whose primary duty was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) whose primary duty included the exercise of discretion and independent judgment with respect to matters of

significance.  *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.200.  Furthermore, Plaintiffs and/or

putative class action members were employed in a bona fide administrative capacity under 12

NYCRR § 142-2.14(c)(4)(ii) as employees (1) who were compensated on a salary basis at a rate

of not less than $543.75 per week, exclusive of board, lodging or other facilities; (2) whose

primary duty was the performance of office or non-manual work directly related to management

policies or general operations of the employer; (3) who customarily and regularly exercise

discretion and independent judgment; and (4) who regularly and directly assist an employer, or

an employee employed in a bona fide executive or administrative capacity (*e.g.*, employment as

an administrative assistant); or who performs, under only general supervision, work along

specialized or technical lines requiring special training, experience or knowledge.  *See* 12

NYCRR § 142-2.14(c)(4)(ii).

11.     Plaintiffs' claims and/or those of some or all of the putative collective action or

class action members are barred, in whole or in part, because the work performed falls within

exemptions, exclusions, exceptions, or credits provided for in the FLSA and/or the New York

State law.  29 U.S.C. §§ 207, 213(a), 213(b); NYLL Art. 19, § 651(5); 12 NYCRR § 142-

2.14(c)(4).  Specifically, Plaintiffs and/or putative collective action members were employed in a

bona fide executive capacity under section 13(a)(1) of the FLSA as employees: (1) who were

compensated on a salary basis at a rate of not less than $455 per week, exclusive of board,

lodging or other facilities; (2) whose primary duty was management of the enterprise in which

the employee was employed or of a customarily recognized department or subdivision thereof;

(3) who customarily and regularly directed the work of two or more other employees; and (4)

who had the authority to hire or fire other employees or whose suggestions and recommendations

as to the hiring, firing, advancement, promotion or any other change of status of other employees was given particular weight.  *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.100.  Furthermore, Plaintiffs and/or putative class action members were employed in a bona fide executive capacity under 12 NYCRR § 142-2.14(c)(4)(i) as employees: (1) who were compensated on a salary basis at a rate of not less than $543.75 per week, exclusive of board, lodging or other facilities; (2) whose primary duty was management of the enterprise in which the individual was employed or of a customarily recognized department or subdivision thereof; (3) who customarily and regularly directed the work of two or more other employees therein; (4) who had the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees was given particular weight; and (5) who customarily and regularly exercise discretionary powers.  12 NYCRR § 142-2.14(c)(4)(i).

12.   Plaintiffs' claims and/or those of some or all of the putative collective action or class action members are barred, in whole or in part, because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA.  29 U.S.C. §§ 207, 213(a), 213(b).  Specifically, Plaintiffs and/or putative collective action or class action members were employed in a bona fide executive and/or administrative capacity under section 13(a)(1) of the FLSA as an employee who performed a combination of exempt duties as set forth in the regulations for executive and/or administrative employees.  *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.708.

13.   In calculating overtime liability (if any), Defendants are entitled to exclusion of all elements of Plaintiffs' compensation and/or that of some or all of the putative collective

action or class action members that are excludable from an employee's regular rate for purposes of calculating overtime, including but not limited to, those elements that fall within Section 7(e) of the FLSA, 29 U.S.C. § 207(e), and for all time spent on preliminary or postliminary activities excludable from hours worked under 29 U.S.C. § 254.

14.     In calculating overtime liability (if any), Defendants are entitled to an offset to the extent further investigation and discovery reveal wrongful conduct and resulting monies owed to Defendants, or additional payments made to Plaintiffs and or putative collective action or class action members for work performed.

15.     Plaintiffs' claims and/or those of some or all of the putative collective action or class action members are barred, in whole or in part, because any payments for prior overtime owed (which Defendants denies) must be calculated at no more than one-half of each individual's regular rate of pay for the workweek in which the time was worked.

16.     Plaintiffs' claims and/or those of some or all of the putative collective action or class action members are barred, in whole or in part, under the *de minimis* doctrine and/or because the damages (if any) associated with such claims are too speculative to be permitted.

17.     Plaintiffs are not entitled to certification of any collective pursuant to 29 U.S.C. § 216(b) on their claims under the FLSA because they are not similarly situated to the putative collective action members whom they purport and seek to represent, and cannot identify a group of similarly situated employees or former employees of Defendants.

18.     Plaintiffs are not entitled to certification of any collective pursuant to 29 U.S.C. § 216(b) on their claims under the FLSA because such claims are properly subject to the

requirements of Fed. R. Civ. P. 23, and Plaintiffs cannot satisfy the requirements of Fed. R. Civ. P. 23(a) and/or 23(b).

19.     Plaintiff Costello is not entitled to certification of her claims under New York State law because she cannot satisfy the requirements of Fed. R. Civ. P. 23(a) and/or 23(b).

20.     Collective or class relief is inappropriate because individual issues predominate over issues generally applicable to the collective action or class action.  By way of example, consideration of the employment status of the Plaintiffs and each putative collective action or class action member requires an individual fact-specific inquiry into the actual day-to-day duties of each individual and the nature of their relationship with Defendants.

21.     Certification of a collective action or class action based on the criteria set forth in Plaintiffs' Complaint would violate due process and the Federal Rules of Civil Procedure.

22.     Plaintiffs' claims and/or those of some or all of the putative collective action or class action members are barred, in whole or in part, by the principles of accord and satisfaction and/or payment.

23.     Plaintiffs' claims and/or those of some or all of the putative collective action or class action members may be limited and/or waived by court-approved settlement or judgment of other individual, collective and/or class actions, or by a payment supervised by the Department of Labor.

24.     Some or all of the claims of Plaintiffs and/or the putative collective action or class action members are barred, in whole or in part, because Plaintiffs and/or the putative collective action or class action members have waived and/or released such claims in exchange for adequate consideration.

25.     Plaintiffs' claims and/or those of some or all of the putative collective action or class action members are barred as to all hours allegedly worked of which Defendants lack constructive or actual knowledge.

26.     Plaintiffs' claims and/or those of some or all of the putative collective action or class action members are barred in whole or in part by the doctrines of estoppel and avoidable consequences to the extent that discovery reveals that they now contend that they misrepresented, fabricated, falsely reported, or purposely concealed their true job functions, duties, or job performance material to the analysis of whether they were employed by Defendants and there is no evidence that Defendants encouraged them to misrepresent, fabricate, falsely report, or purposely conceal their true job functions, duties, or job performance and no evidence that Defendants knew or should have known that they were misrepresenting, fabricating, falsely reporting, or purposely concealing their true job functions, duties, or job performance.  *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

27.     Plaintiffs are not entitled to an award of prejudgment interest even if they prevail on any or all of their claims.

28.     As no discovery has occurred in this case, Defendants hereby give notice that they intend to rely upon such further defenses as may become available during discovery in this action, and reserve the right to amend their Answer and assert additional defenses in accordance with law, and to seek attorneys' fees and costs under any applicable statute.

WHEREFORE, Defendants request that this Court dismiss Plaintiffs' Complaint with prejudice, enter judgment in Defendants' favor and against Plaintiffs, and award it costs, including reasonable attorneys' fees.

Dated:   April 25, 2013                            Respectfully submitted,

                                                   _s/ Jaime L. Wasserstrom_____
                                                   Jaime L. Wasserstrom, Esq.
                                                   Richard W. Black, *pro hac vice* forthcoming
                                                   Littler Mendelson, P.C.
                                                   1150 17th St., N.W., Suite 900
                                                   Washington, DC 20036
                                                   Tel: (202) 842-3400
                                                   Fax: (202) 842-0011
                                                   jnovikoff@littler.com
                                                   rblack@littler.com

                                                   Lisa Ann Schreter, *pro hac vice* forthcoming
                                                   Littler Mendelson, P.C.
                                                   3348 Peachtree Road, N.E., Suite 1100
                                                   Atlanta, GA 30326-1008
                                                   Tel: (404) 233-0330
                                                   Fax: (404) 233-2361
                                                   Email: lschreter@littler.com

                                                   *Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on this 25th day of April, 2013, I electronically filed the foregoing

Defendants' Answer to Complaint and Demand for Jury Trial with the Clerk of the Court using

the CM/ECF system, which will send notification of such filing to the following:

> Marc S. Hepworth
> Charles Gershbaum
> David A. Roth
> Matthew A. Parker
> HEPWORTH, GERSHBAUM & ROTH, PLLC
> 192 Lexington Avenue, Suite 802
> New York, New York 10016
> Droth@hgrlawyers.com
> Charles@hgrlawyers.com
> Mhepworth@hgrlawyers.com
> Mparker@hgrlawyers.com

> *s/ Jaime L. Wasserstrom*
> Jaime L. Wasserstrom

Firmwide:119825192.3 071499.1004