USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/6/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AMANDA COSTELLO and LONIECE  :
REED, Individually and on behalf of all other : 1:13-cv-1359-(GHW)
persons similarly situated, :
 :
                       Plaintiffs, :
 :
         -against- :
 :
KOHL'S ILLINOIS INC., KOHL'S :
CORPORATION and KOHL'S :
DEPARTMENT STORES, INC., :
 :
                       Defendants. :
------------------------------------------------------------------X

## ORDER GRANTING FINAL APPROVAL
## OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND JUDGMENT

      This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class and Collective Action Settlement, by and through their counsel, Marc S. Hepworth, Charles Gershbaum, and David A. Roth of Hepworth, Gershbaum & Roth, PLLC ("Class Counsel") for an order and judgment finally approving the Parties' Stipulation and Settlement Agreement ("Settlement Agreement") (Dkt. No. 175) and dismissing with prejudice all claims asserted in this action by the Plaintiffs that Defendants failed to pay Children's, Footwear and Home Assistant Store Managers ("CFH ASMs") and Apparel and Accessories Assistant Store Managers ("AA ASMs") (together, "ASMs") overtime compensation in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law, §§ 650, *et seq.* ("NYLL").

      This matter also came on for hearing before the Honorable Gregory H. Woods, U.S.D.J., on January 6, 2016, in order for this Court to conduct a final fairness hearing to determine, among other things, whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, and to address Class Counsel's applications for an award of attorneys' fees, costs, and

expenses, in an amount not to exceed one-third (33 and1/3%) (to be paid from the Maximum Gross Settlement Amount) and for incentive payments to the Plaintiffs (to be paid from the Maximum Gross Settlement Amount), and Class Counsel's and Plaintiffs' request for an order approving the payment of Settlement Expenses (as defined in the Settlement Agreement) from the Maximum Gross Settlement Amount, and the payment of the Mediation Expenses (as defined in the Settlement Agreement) from the Maximum Gross Settlement Amount.

WHEREAS, Plaintiffs and Defendants Kohl's Illinois, Inc., Kohl's Corporation and Kohl's Department Stores, Inc. (collectively "Defendants") have entered into a Settlement Agreement intended to resolve the claims asserted in this action; and

WHEREAS, the Settlement Agreement, together with its Exhibits, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the claims asserted against the Defendants in this action; and

WHEREAS, for purposes of settlement only, the Plaintiffs seek the final certification of the following opt-out settlement class pursuant to Fed. R. Civ. P. 23:

> CFH/AA ASM New York State Law Settlement Class: Any and all persons employed by Defendants as a CFH ASM or AA ASM at a Kohl's store located in the State of New York during the period from February 28, 2007 to September 9, 2015 (the date of preliminary approval of the Settlement Agreement)

WHEREAS, for purposes of settlement only, the Plaintiffs also seek the final certification of the following opt-in settlement class pursuant to Section 216(b) of the FLSA:

> CFH/AA ASM FLSA Settlement Class: Any and all persons employed by Defendants as a CFH ASM or AA ASM on or after January 22, 2011, and who, as of March 24, 2015, had filed with the Court a consent to opt-in to become a party-plaintiff in this action, as reflected in the Court's docket in this action.

WHEREAS, on September 9, 2015, this Court entered an order (Dkt. No. 177) ("Preliminary Approval Order"): (1) asserting jurisdiction over the claims alleged, the Parties in this action, and the implementation and administration of the proposed Settlement Agreement; (2) adjudging the terms of the Settlement Agreement to preliminarily be fair, reasonable and adequate, and in the best interests of the Plaintiffs, Opt-In Plaintiffs, and members of the Settlement Classes, and direct consummation of its terms and provisions; (3) conditionally certifying the CFH/AA ASM FLSA Settlement Class pursuant to Section 16(b) of the FLSA and conditionally certifying the CFH/AA ASM New York State Law Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, for settlement purposes only; (4) appointing the Plaintiffs as Plaintiffs who, together with Class Counsel (as defined in the Settlement Agreement), shall be authorized to act on behalf of all members of the Settlement Classes with respect to the Plaintiffs' claims asserted in this action and the proposed Settlement Agreement; (5) approving, as to form and content, the proposed Settlement Notice and Claim Form and authorizing the first-class mailing of the Settlement Notice and Claim Form to all members of the Settlement Classes; (6) appointing Marc S. Hepworth, Charles Gershbaum and David A. Roth of Hepworth, Gershbaum & Roth PLLC as Class Counsel for the Settlement Classes pursuant to Section 216(b) of the FLSA and Federal Rule of Civil Procedure 23; (7) approving and appointing Class Action Administration, Inc. as the Claims Administrator selected by the Parties who will administrate this settlement; (8) setting a sixty (60) calendar day deadline (from the date the Settlement Notices and Claim Forms are postmarked to members of the Settlement Classes) for the execution and return of fully completed Claim Forms, requests for exclusion, or objections; and (9) scheduling a Final Approval Hearing for January 6, 2016.

WHEREAS, the Plaintiffs have requested that the Court now enter a Final Approval Order and Judgment: (i) granting Final Judgment on the Released Claims; (ii) giving final approval to the Settlement Agreement because it falls within the range of reasonableness, and in the best interests of

the Plaintiffs, those individuals who filed a consent to opt-in to this action prior to the entry of a Preliminary Approval Order, and members of the Settlement Classes, and directing consummation of its terms and provisions; (iii) approving Class Counsel's application for an award of Class Counsel's fees, costs, and expenses; (iv) approving Plaintiffs' request for Incentive Payments; (v) approving payment of the Settlement Expenses, as defined in the Settlement Agreement, from the Maximum Gross Settlement Amount to Claims Administrator, Class Action Administration, Inc. ("CAA") for its services in administering the Settlement; (vi) approving payment of the Mediation Expenses, as defined in the Settlement Agreement, from the Maximum Gross Settlement Amount; (vii) certifying the Settlement Classes for purposes of settlement only; (viii) dismissing the Released Claims from the Litigation on the merits and with prejudice and permanently enjoining all members of the Final Settlement Classes from prosecuting against Defendants and the Released Persons any Released Claims; and (ix) asserting and retaining jurisdiction over the claims alleged, the Parties in the Litigation, and the implementation and administration of this Settlement Agreement.

WHEREAS, the Court has before it Plaintiffs' Unopposed Motion for Final Approval of Class And Collective Action Settlement ("Plaintiffs' Motion") and papers in support thereof, together with the Settlement Agreement and its Exhibits; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement are the result of good faith, arms' length settlement negotiations between competent and experienced counsel for both the Plaintiffs and Defendants.

WHEREAS, having reviewed and considered the Settlement Agreement and accompanying Exhibits, the Plaintiffs' Motion, the Declaration of Marc S. Hepworth and the exhibits thereto, including the Declaration of Laura Ortiz of Class Action Administration, Inc. (the "Claims Administrator"), and other materials filed in support of Plaintiffs' Motion, and otherwise being fully

informed in the premises and having heard and considered the argument of counsel, the Court hereby makes the following findings and grants the relief set forth below, giving final approval to the Settlement Agreement upon the terms and conditions set forth in this and entering final judgment.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of this action and over all parties to this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a), including the following opt-out settlement classes pursuant to Fed. R. Civ. P. 23 that were preliminarily certified by virtue of the Court's September 9, 2015 Preliminary Approval Order:

> CFH/AA ASM New York State Law Settlement Class: Any and all persons employed by Defendants as a CFH ASM or AA ASM at a Kohl's store located in the State of New York during the period from February 28, 2007 to September 9, 2015 (the date of preliminary approval of the Settlement Agreement)

and the following opt-in collective action settlement classes pursuant to Section 216(b) of the FLSA also preliminarily certified by the Court's September 9, 2015 Preliminary Approval Order:

> CFH/AA ASM FLSA Settlement Class: Any and all persons employed by Defendants as a CFH ASM or AA ASM on or after January 22, 2011, and who, as of March 24, 2015, had filed with the Court a consent to opt-in to become a party-plaintiff in this action, as reflected in the Court's docket in this action.

2. The Court finds, for settlement purposes only, that the CFH/AA ASM New York State Law Settlement Class, as defined above, satisfies the requirements of Red. R. Civ. P. 23 and is maintainable under Rule 23(b)(3), and that those members of the CFH/AA ASM New York State Law Settlement Class who did not timely and validly exclude themselves from the class in compliance with the opt-out and exclusion procedures set forth in this Settlement Agreement constitute the Final CFH/AA ASM New York State Law Settlement Class, as that term is used in the Settlement Agreement.

3. The Court finds, for settlement purposes only, that the CFH/AA ASM FLSA Settlement Class, as defined above, satisfies the requirements to be maintainable as a settlement collective action under 29 U.S.C. § 216(b), and that those members of the CFH/AA ASM FLSA Settlement Class who are Authorized Claimants as that term is used in the Settlement Agreement constitute the Final CFH/AA ASM FLSA Settlement Class, as that term is used in the Settlement Agreement.

4. Together, the Final CFH/AA ASM New York State Law Settlement Class and the Final CFH/AA ASM FLSA Settlement Class shall be referred to herein, as in the Settlement Agreement, together as the Final Settlement Classes and are finally certified, for final settlement purposes only, to effectuate the terms of the Settlement Agreement.

5. The Settlement Notice, as authorized by the September 9, 2015 Preliminary Approval Order, and as disseminated by the Claims Administrator, adequately informed members of the Settlement Classes of, among other things, the terms of the Settlement Agreement, the process available to them to obtain monetary relief, and informed members of the CFH/AA ASM New York State Law Settlement Class of their right to exclude themselves from the Settlement and to pursue their own remedies, as well as their opportunity to file written objections and to appear and be heard at the January 6, 2016 Final Approval Hearing. The Settlement Notice also adequately informed the members of the Settlement Classes of a toll-free number for the Claims Administrator and a website at which they could access additional information regarding the case and the proposed Settlement. The Court hereby finds that the Settlement Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

6. The Court hereby approves the proposed Settlement Agreement and finds that the settlement is fair, reasonable and adequate to the Plaintiffs and all members of the Settlement Classes. The Court finds that sufficient investigation, research and litigation has been conducted such that counsel for the parties are able to evaluate their respective risks of further litigation, including the

additional costs and delay associated with the further prosecution of this action. The Court further finds that the Settlement Agreement has been reached as the result of intensive, arms-length negotiations, including mediation with an experienced third-party neutral.

7. In accordance with the Settlement Agreement, Defendants shall provide to the Claims Administrator funds sufficient to enable the Claims Administrator to satisfy the payment obligations for Class Counsel's Fees, Costs And Expenses, Mediation Expenses, Incentive Payments, Settlement Expenses, and Employer-Paid Payroll Taxes, and Settlement Payments To Authorized Claimants (less any amounts already paid by Defendants to the Claims Administrator for the costs of settlement administration or to the Mediators for mediation services), within ten (10) business days after the date this Final Approval Order becomes a final unappealable order. The funds provided by Defendants pursuant to this paragraph shall be deposited in a Qualified Settlement Fund. Also in accordance with the Settlement Agreement, the Claims Administrator shall mail Settlement Payments to members of the Final Settlement Classes, along with a copy of this Final Approval Order, twenty (20) business days after the date this Final Approval Order becomes a final unappealable order.

8. Service Payments, as set forth in the Settlement Agreement, are approved for Plaintiff Amanda Costello and Loniece Reed in the amount of $5,000.00 each, both in satisfaction of their claims asserted in the litigation as well as due to their performance of substantial services for the benefit of the Settlement Classes. Such awards are to be paid from the Maximum Gross Settlement Amount, as specified in the Settlement Agreement.

9. Class Counsel is qualified, experienced, and has successfully litigated this case, thereby demonstrating their adequacy as counsel for the Settlement Classes. As explained on the record during the hearing held on January 6, 2016, Class Counsel shall be awarded thirty-three and one-third percent (33 and 1/3%) of the Maximum Gross Settlement Amount minus the Mediation Expenses and Settlement Expenses awarded in this order, for a total of $1,243,118.28 for fair and reasonable

attorneys' fees, costs and expenses incurred in the prosecution of this litigation, such award to be paid from the Maximum Gross Settlement Amount in full compromise and satisfaction of all attorneys' fees, costs and expenses incurred by Class Counsel as specified in the Settlement Agreement, and it is ordered that the Claims Administrator shall provide payment of these attorneys' fees, costs and expenses to Hepworth, Gershbaum & Roth within, twenty (20) business days after the date this Final Approval Order becomes a final unappealable order. The Court finds that this amount is justified by the work performed, risks taken, and results achieved by Class Counsel.

10. The Claims Administrator shall also be paid its costs and expenses (the "Settlement Expenses" as defined in Settlement Agreement) the from the Maximum Gross Settlement Amount equal to $56,500.

11. The Court finds that the request for payment of Mediation Expenses from the Maximum Gross Settlement Amount, in the amount of $33,715.05 is approved.

12. In accordance with the Settlement Agreement, the Claims Administrator shall remit to Defendants, within ten (10) business days after the deadline set forth in Section V(Z) of the Settlement Agreement for Authorized Claimants to cash checks, any interest that accrued on the Maximum Gross Settlement Amount while in the Qualified Settlement Fund plus any portion of the Revised Gross Settlement Amount, as defined in the Settlement Agreement, not distributed to Authorized Claimants or cashed by an Authorized Claimant within the time period set forth in Section V(Z) of the Settlement Agreement.

13. The Court finds and determines that the payments to be made to the Plaintiffs and Authorized Claimants, as provided in the Settlement Agreement are fair, reasonable and adequate, and gives final approval to and orders that those payments be made to Authorized Claimants and Plaintiffs.

14.     Pursuant to the terms of the Settlement Agreement, Plaintiffs and all Releasing Persons[1] agree to forever and completely settle, compromise, release, and discharge the Released Parties[2] from any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action, as defined in their entirety in Sections 1 through 8 below, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any Releasing Person has or might have, known or unknown, asserted or unasserted, even if presently unknown and/or unasserted, that occurred at any time up to and including September 9, 2015 (the date of the Court's Preliminary Approval Order). This Release includes without limitation:

1.  any and all claims asserted in the Litigation that CFH ASMs or AA ASMs were not properly classified as exempt employees during their employment with Defendants;

2.  any and all claims for unpaid wages, minimum wages, liquidated damages, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, retaliation for complaining about alleged misclassification as exempt

---

[1] "Releasing Persons" has the same meaning as it is defined in the Settlement Agreement and refers to: (1) each and every member of the CFH/AA ASM New York State Law Settlement Class who does not timely and validly exclude themselves from the Settlement Class in compliance with the opt-out and exclusion procedures set forth in the Settlement Agreement, and his or her respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns; and (2) each and every member of the CFH/AA ASM FLSA Settlement Class who becomes an Authorized Claimant and his or her respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns.

[2] "Released Parties" (or "Released Persons") has the same meaning as it is defined in the Settlement Agreement and refers to the Defendants as well as to each of their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by the Defendants, divisions, units, branches and any other persons or entities acting on their behalf, including any entity that was a customer of the Defendants for which any member of the Settlement Classes performed work or services during their employment with the Defendants.

|     | |
| --- | --- |
|     | employees, or any other wage-related or recordkeeping-related claims, damages or relief of any kind including, but not limited those under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq;* |
| 3.  | any and all claims under the wage and hour laws and regulations of the state of New York including, but not limited to, Articles 6 and 19 of the New York Labor Law; 12 New York Codes, Rules and Regulations Parts 137-142; New York General Business Law § 399-H; and any and all state common law wage claims, including, but not limited to claims of unjust enrichment, quantum meruit, and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and any and all claims for any type of penalties or damages available under the wage and hour laws of the state of New York, or any state common law wage claims, including but not limited to claims for attorneys' fees, costs and expenses, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest; |
| 4.  | any and all claims under the wage and hour laws and regulations of any state(s) in which the Releasing Person resided and were employed during their employment with Defendants including, but not limited to any and all state common law wage claims, including, but not limited to claims of unjust enrichment, quantum meruit, and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and any and all claims for any type of penalties or damages available under the wage and hour laws of the applicable state, or any state common law wage claims, including but not limited to claims for attorneys' fees, costs and expenses, liquidated damages, punitive damages, civil |

        penalties, equitable remedies, and/or pre- or post-judgment interest;

5.     any and all wage-and-hour-related and wage-related claims under state and federal law for breach of express contract or labor agreement (including, but not limited to, claims for unpaid wages, minimum wage, overtime, and/or missed or interrupted meal breaks), implied contract, money had and received in assumpsit, quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records;

6.     any and all claims for benefits or other amounts under any compensation or benefit plan, program, arrangement, or agreement based on any alleged failure to pay wages, including but not limited to minimum wages or overtime wages;

7.     any and all wage-and-hour laws or wage-related claims of any kind under any other laws, including retaliation for complaining about alleged misclassification as exempt employees, under any other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations; and

8.     any and all claims for attorneys' fees, costs and expenses related to the claims identified above in Sections 1 through 8.

15.     All members of the CFH/AA ASM New York State Law Settlement Class who did not opt out of the Settlement and did not file a Claim Form and become an Authorized Claimant shall release all Released Claims except those claims based on the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

16.     This Court enters final judgment on and hereby dismisses the Released Claims (as defined in the Settlement Agreement) on the merits and with prejudice, and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

17. The Court retains jurisdiction over this action and the parties to administer, supervise, interpret and enforce the Settlement Agreement and this Order.

SO ORDERED.

Dated: January 6, 2016
New York, New York

_____
GREGORY H. WOODS
United States District Judge